UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mary Ann Sarbanis

   v.                                    Civil No. 17-cv-037-JD
                                         Opinion No. 2017 DNH 170
Federal National
Mortgage Association


O R D E R

Mary Ann Sarbanis brought suit in state court to enjoin the foreclosure sale of her home, which was scheduled for January 18, 2017. The state court granted an ex parte temporary restraining order on January 17, with a hearing set for January 27. Following the hearing, Federal National Mortgage Association ("Fannie Mae") removed the case to this court and filed a motion for summary judgment. Sarbanis objects to summary judgment.

Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party and a material fact is one that could affect the outcome of the

case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).  The facts and reasonable inferences are taken in the light most favorable to the nonmoving party.  McGunigle v. City of Quincy, 835 F.3d 192, 202 (1st Cir. 2016).  "On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgment by showing 'that there is an absence of evidence to support the nonmoving party's case.'" OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

In this district, a party moving for summary judgment must include in the memorandum "a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried."  LR 56.1(a).  The party opposing summary judgment must include in her memorandum "a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial."  LR 56.1(b).  Importantly, "[a]ll properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party."  Id.

Sarbanis, who is represented by counsel, did not include a properly supported factual statement in her memorandum in opposition to Fannie Mae's motion for summary judgment. Instead, Sarbanis simply responded to Fannie Mae's factual statement by saying that she admitted or denied the statements made in each numbered paragraph. She provided some explanations for her disagreement with facts in Fannie Mae's memorandum that may have been intended to be supported by her affidavit which purports to incorporate all statements in the memorandum.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). An affidavit must state facts, not legal conclusions, assumptions, or guesses. Gordon v. EarthLink, Inc., 2017 WL 3203385, at *6 (D. Mass. July 27, 2017). Further, an affidavit that states that a memorandum is true "to the best of my knowledge, information and belief" is not competent to support or oppose summary judgment. F.D.I.C. v. Roldan Fonseca, 795 F.2d 1102, 1106 (1st Cir. 1986); Inman v. Riebe, 2016 WL 3102198, at *1-*2 (D. Me. May 5, 2016); Drew v. N.H. Drug Task Force, 2015 WL 4526968, at *3, n.2 (D.N.H. July 27, 2015).

Sarbanis submitted her affidavit in support of her objection to summary judgment. In her affidavit, Sarbanis states that she reviewed the objection and memorandum prepared by her counsel, and she "swear[s] that all of the statements and allegations made therein are true to the best of [her] knowledge, information and belief." As such, Sarbanis's affidavit is not competent to oppose summary judgment. Because Fannie Mae did not object to the affidavit, however, the court will consider the <u>factual</u> statements in the objection and memorandum as if they were supported by an affidavit.

## Background

Sarbanis obtained a loan and signed a mortgage to IndyMac, FSB in November of 2002. That loan was modified in December of 2008. In March of 2010, the mortgage was assigned to OneWest Bank, FSB, and was assigned again in June of 2011 to Fannie Mae.

Fannie Mae sent Sarbanis a foreclosure notice, and in response, Sarbanis applied for a loan modification in July of 2011. Fannie Mae scheduled a foreclosure sale of the property for April of 2013. Sarbanis filed a petition in state court to enjoin the foreclosure sale, and the state court granted a temporary restraining order on April 23, 2013. Fannie Mae removed that case to federal court on May 23, 2013. <u>See</u>

4

Sarbanis v. Fed. Nat'l Mortg. Ass'n, 13-cv-244-LM (D.N.H. 2013) (Sarbanis I).

In Sarbanis I, Sarbanis made allegations in support of injunctive relief from the foreclosure sale without identifying any specific claims. Fannie Mae moved for summary judgment, challenging Sarbanis's allegations that the assignments to Fannie Mae were invalid, arguing that a dual tracking theory was not viable, and asserting that it properly held the note and mortgage and was entitled to foreclose. While Fannie Mae's motion for summary judgment was pending, the parties were negotiating a settlement agreement.

Sarbanis's motion to dismiss her claims against Fannie Mae in Sarbanis I, without prejudice, was granted on November 17, 2015. Judgment was entered the same day.

On January 17, 2017, Sarbanis filed a second petition in state court to enjoin the scheduled foreclosure sale of the property.[1] Sarbanis alleged that she had not made mortgage payments to Fannie Mae because she had been trying "to come to an agreement with FNMA for them to discharge [her] mortgage for a lump sum." She asked to have the foreclosure sale stopped to

---

[1] Although Sarbanis was represented by counsel during Sarbanis I, she appears to have filed the current petition in state court while proceeding pro se. She is now represented by new counsel.

5

allow her to attempt to settle the matter with Fannie Mae. In support, Sarbanis made the same allegations that were in her Sarbanis I petition about a defective assignment to OneWest. She added new allegations that she had reached a settlement agreement in Sarbanis I to modify her loan to allow her to satisfy the debt with a lump sum payment.

As is noted above, Fannie Mae removed the case to this court and moves for summary judgment.

## Discussion

In support of summary judgment, Fannie Mae contends that no settlement agreement was ever reached in Sarbanis I to modify Sarbanis's loan and that the record shows that Sarbanis is in default. As a result, Fannie Mae contends, it is entitled to foreclose and is entitled to summary judgment on Sarbanis's request for an injunction.

In her objection, Sarbanis argues that she reached a settlement agreement with Ocwen,[2] which was acting as Fannie Mae's mortgage servicer, and that the agreement bars foreclosure. Sarbanis also asserts that Fannie Mae lacks authority to foreclose because of faulty assignments of her

---

[2] Sarbanis does not provide a full name, but she is referring to Ocwen Loan Servicing, Inc.

mortgage.  Fannie Mae filed a reply to address Sarbanis's arguments raised in her objection.

A.   Breach of Settlement Agreement

A claim seeking to enforce a settlement agreement in a diversity case is governed by the law of the forum state, in this case New Hampshire.  See Tremblay v. Ameriprise Fin. Servs., Inc., 2017 WL 3278951, at *2 (D.R.I. Apr. 5, 2017). Under New Hampshire law, "[a] valid and enforceable settlement, like any contract, requires offer, acceptance, consideration and mutual assent."  Hogan Family Enters., Ltd v. Town of Rye, 157 N.H. 453, 456 (2008).  "Mutual assent requires that the parties have the same understanding of the agreement's essential terms, and manifest an intent to be bound by them."  Id.

Fannie Mae moves for summary judgment on the ground that the parties never reached a settlement agreement.  In support, Fannie Mae cites Sarbanis's admissions in her petition that although the parties were negotiating a settlement agreement, "[a]n agreement between the parties was never finalized." Sarbanis further explained that "[t]here was one term of the settlement agreement that was still needing to be negotiated.  I needed certain documentation from the lender and the lender never provided it."  Fannie Mae also cites Sarbanis's admission that she signed the purported agreement after the deadline.

7

The proposed settlement agreement offered in Sarbanis I includes a deadline for Sarbanis's performance of August 10, 2015, at 5:00 p.m. The proposed agreement also states that "[t]here will be no extensions of time in which to make said payment." Sarbanis admits that she did not comply with that term and did not sign the agreement until March of 2016.

Sarbanis argues, however, that after the parties failed to reach an agreement in Sarbanis I and the case was dismissed without prejudice, they continued to negotiate. Sarbanis further states in her objection that although she did not meet the payment deadline in the proposed agreement, she thought that Fannie Mae "would honor it." She sought confirmation from Ocwen that Fannie Mae would discharge the mortgage in exchange for a lump sum payment of $303,000.00, but Ocwen "did not know of the details of the history and settlement negotiations in [Sarbanis I]." Sarbanis asserts that although lenders have no obligation to modify a loan, Fannie Mae had an obligation to respond within a reasonable amount of time to the signed settlement proposal that she sent in March of 2016.

Based on the summary judgment record, Sarbanis did not comply with the terms of the proposed settlement agreement. For that reason, Sarbanis has not shown that an enforceable

8

settlement agreement exists.  She cites no authority to support her theory that Fannie Mae had an obligation to respond when she returned the signed settlement proposal more than six months after the deadline.[3]  Therefore, Sarbanis has not shown a triable issue as to whether Fannie Mae would violate a settlement agreement by foreclosing on her property.

B. Authority to Foreclose

As in Sarbanis I, Sarbanis contends here that the assignment of her mortgage from the FDIC to OneWest in 2010 was defective because it was "robo signed" by Bryan Bly who did not work for the FDIC.[4]  Sarbanis provides a copy of a deposition of Bly taken in another case where Bly testified that he signed assignments of mortgages for lending companies based on corporate resolutions from those companies that authorized him as a signer when he was not otherwise an employee of those companies, his signature was applied electronically, and his signature was notarized electronically.  Sarbanis deems that work to be "robo signing" which she contends renders the

---

[3] To the extent Sarbanis relies on Grenier v. Barclay Square Commercial Condo. Owners' Ass'n, 150 N.H. 111, 120 (2003), her reliance is misplaced.  The cited part of Grenier pertains to a plaintiff's obligation to mitigate damages.  Fannie Mae is not the plaintiff and is not seeking damages in this case.

[4] Sarbanis did not file a copy of the assignment allegedly signed by Bly.

9

assignment of her mortgage from the FDIC to OneWest defective. She further argues that as a result the subsequent assignment from OneWest to Fannie Mae was also defective, so that Fannie Mae lacks authority to foreclose.  In its reply, Fannie Mae responds to Sarbanis's defective assignment theory and objects to the exhibit filed by Sarbanis of the deposition of Bly.

1. Robo Signing

Under New Hampshire law, a debtor can raise defenses against the assignee of his debt that he could have raised against the assignor before the assignment was made, any matter that renders the assignment void, and a defense that the assignee lacks title. Woodstock Soapstone Co., Inc. v. Carleton, 133 N.H. 809, 817 (1991).  If the assignment passed title to the assignee, however, the debtor cannot raise issues "which merely render the assignment voidable at the election of the assignor or those standing in his shoes." Id. (internal quotation marks omitted); see also Pike v. Deutsche Bank Nat'l Tr. Co., 168 N.H. 40, 43 (2015).  A charge of "robo signing" alone does not prove that a mortgage assignment is void. Butler v. Deutsche Bank Tr. Americas, 748 F.3d 28, 33-34 (1st Cir. 2014); Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 13-14 (1st Cir. 2014).  Unless state law restricts who may act on behalf of an assignor to sign an assignment, an assignment

10

signed by someone appointed for that purpose is not invalid despite the signor's lack of regular employment by the assignor. Id. at 12 (addressing issue under Massachusetts law).

Sarbanis has not shown that a triable issue exists as to whether the assignment of her mortgage from the FDIC to OneWest was void because the assignment was signed by Bryan Bly. To the extent the assignment would be voidable, she lacks standing to raise that issue. Burke v. Wells Fargo Bank, N.A., 2015 WL 2125906, at *3 (D.N.H. May 5, 2015).

Sarbanis asserts in her objection that Fannie Mae must show that it holds the note and a valid mortgage in order to foreclose and that she is entitled to an injunction if Fannie Mae cannot make that showing.[5] Sarbanis did not raise any issue or claim related to the validity of the note in her petition for an injunction. She alleges no facts to show that Fannie Mae does not hold the note. Therefore, Sarbanis failed to raise an issue in this case as to whether Fannie Mae holds the note that is secured by the mortgage on Sarbanis's property.

---

[5] Ordinarily, a party seeking injunctive relief bears the burden of showing that such relief is appropriate. See Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014); Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). The court need not address the burden of proof issue here, however, because the record supplies sufficient evidence to overcome Sarbanis's theory.

11

With respect to the mortgage, Sarbanis provided a copy of her mortgage and the assignment of the mortgage to Fannie Mae in support of her petition for an injunction against the foreclosure. The assignment states that OneWest Bank assigned Sarbanis's mortgage and the note secured by the mortgage to Fannie Mae. As such, Sarbanis provided evidence that Fannie Mae holds a valid mortgage and the note for her property. She has not provided evidence to show that the assignment from the FDIC to OneWest is void and therefore has not raised a triable issue as to whether Fannie Mae has authority to foreclose on her property.

Based on the evidence presented for purposes of summary judgment, Sarbanis has not shown a triable issue about Fannie Mae's authority to foreclose.

2. Deposition

Fannie Mae objects to having Bryan Bly's deposition considered in this case. In support, Fannie Mae cites the protective order that was filed with the deposition and contends that the deposition is inadmissible evidence under Federal Rule of Civil Procedure 32(a)(8) and Federal Rules of Evidence 401 and 804(b)(1). In response, Sarbanis argues that the protective order does not prohibit using the deposition in this case. She

argues that Bly's deposition is admissible under Federal Rule of Civil Procedure 32(a)(4) which pertains to unavailable witnesses.[6]

Fannie Mae is correct that the Bly deposition concerned a different mortgage assignment that Bly signed on behalf of a different company. Because Bly did not testify about the assignment of Sarbanis's mortgage or even assignments he may have signed on behalf of the FDIC, the deposition cannot be considered to show the circumstances of the assignment of Sarbanis's mortgage from the FDIC to OneWest. In any case, for the reasons explained above, Sarbanis did not show that Bly's status when he signed the assignment from the FDIC to OneWest rendered it void. Therefore, the deposition is not material to the outcome in this case.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 12) is granted.

---

[6] In support, Sarbanis represents without evidence that Bly lives in Florida and contends it would not be reasonable for her to depose Bly or to procure his attendance at trial. As such, Sarbanis has not provided grounds for allowing the deposition under Rule 32(a)(4).

13

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A DiClerico, Jr._
Joseph DiClerico, Jr.
United States District Judge

August 30, 2017

cc: Sandra A. Kuhn, Esq.
    Walter H. Porr, Jr.